```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

WILLIE WINTERS, JR.,              )
                                  )
                Plaintiff,        )
                                  )
     v.                           )    No.  07 C 5357
                                  )
C.P.D. FILMORE & HOMAN,           )
                                  )
                Defendants.       )
```

## MEMORANDUM ORDER

Willie Winters, Jr. ("Winters") has filed a hand-printed Motion for Reconsideration in this action that he had mistakenly initiated by filing a form of Petition for Writ of Habeas Corpus--Person in State Custody. Because Winters' current motion is puzzling in more than one respect, this memorandum order will review the earlier bidding.

When this Court received Winters' original filing, it promptly issued the attached September 26, 2007 memorandum order ("Order") that not only apprised Winters of his error but also sent him copies of the 42 U.S.C. §1983 ("Section 1983") form, also made available to nonlawyers by this District Court's Clerk's Office, that he should have used in the first instance.[1] When the October 11 date specified in the Order for Winters' compliance came and went without any submission from him, this

---

[1] In addition, as the Order reflected, this Court's able minute clerk also mailed to Winters new forms of the In Forma Pauperis Application ("Application") so that he could fill it out properly and this Court could then rule on his entitlement to such status under 28 U.S.C. §1915 ("Section 1915").

Court waited a full two weeks to allow for any possible delays in transmission and then entered an order of dismissal on October 26.

Winters' current motion asserts just such delays as a ground for relief, but he begins his account of events by stating that after he received the Order (which he says took place on October 8) "he sent to the Clerk of Court to forward him a 1983 Civil Complaint," which he then claims to have received on October 23. That is puzzling indeed--not only because this Court's minute clerk had already mailed him such forms but also because the Clerk's Office practice is to treat any such communication received from a pro se litigant as a document to be filed--and the case docket reflects nothing of the sort.

Be that as it may, this Court is not in a position to grant Winters' present motion in any event. As he acknowledges, he has had the proper Section 1983 forms of Complaint since at least October 23, yet despite the passage of six weeks since that date he has not submitted a complaint on that form with his motion. If, as and when Winters tenders an actual Section 1983 complaint (as well as a properly completed Application accompanied by a printout showing all transactions in his trust fund account at the Cook County Jail from March 1, 2007 to the present date[2]),

---

[2] That printout is necessary to enable this Court to make the calculations called for by Section 1915 in connection with Winters' required payment of the $350 filing fee, a fee that is

this Court will be in a position to address his motion on the merits.

```
                            _____
                            Milton I. Shadur
                            Senior United States District Judge
```

Date:  December 4, 2007

---

inapplicable to habeas proceedings.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIE WINTERS, JR., )
 )
               Plaintiff, )
 )
  v. ) No. 07 C 5357
 )
C.P.D. FILMORE & HOMAN, )
 )
               Defendants. )

MEMORANDUM ORDER

Willie Winters, Jr. ("Winters") has mistakenly used the form of Petition for Writ of Habeas Corpus--Person in State Custody, made available by the Clerk of this District Court, to set out several claims of mistreatment by officers of the Chicago Police Department.[3] Because it seems clear from what Winters has set out that he is trying to claim a violation or violations of his constitutional rights that would be actionable under 42 U.S.C. §1983 ("Section 1983"),[4] this Court's minute clerk is contemporaneously sending him copies of the Section 1983 form made available by the Clerk's Office to nonlawyers. Winters is expected to fill out that form in an appropriate manner and to submit enough counterparts to provide an original for the court

---

[3] Even though Winters is a nonlawyer, he should have recognized the inappropriateness of using that Clerk's-Office-furnished form, because he is <u>not</u> "in custody."

[4] This Court expresses no view as to the viability of Winters' allegations in those terms.

4

file, one copy for this Court's chambers file and one copy to be delivered to each defendant, together with submitting the necessary summonses calling for the defendants' appearance.

In that latter respect, although this Court is of course barred from giving legal advice to litigants, Winters should understand that the "Chicago Police Department" is not a suable legal entity. Instead his Section 1983 lawsuit must target individual police officers if their identity is known, or if that is not the case he must sue "Unknown Police Officers" who are capable of being identified later if his lawsuit survives initial consideration.

Because this order does not involve a termination of Winters' lawsuit, this memorandum order turns to his accompanying In Forma Pauperis Application ("Application"). In that regard he has failed to complete answers to all of the questions on the Application form and, importantly, has failed to sign the form as well. New copies of the Application are therefore being transmitted to him together with the forms of Section 1983 Complaint, and any submissions that he makes hereafter must be complete in all respects.

Finally, Winters ought to act promptly to comply with this order. If he fails to submit the new documents called for here to the Clerk's Office on or before October 11, 2007, this Court

5

will dismiss this action for failure to prosecute.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:  September 26, 2007